UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY THOMPSON                                CIVIL ACTION

VERSUS                                           NO. 05-3329

STATE OF LOUISIANA THROUGH                       SECTION: "C" (4)
THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS

## ORDER AND REASONS

Before the Court is a Motion for Judgment Notwithstanding the Verdict, or, Alternatively, for Amendment of Judgment filed by the plaintiff, Anthony Thompson ("Thompson") (Rec. Doc. 117). The defendant, the State of Louisiana ("State"), opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **DENIED**.

I. BACKGROUND

The above captioned matter was tried before a six (6) person jury from April 16 to April 18, 2007. The issues at trial were whether Thompson was separated from his

employment with the State in part because of his race, and/or in retaliation for submitted grievances in which he complained about racial discrimination.

After deliberating, the jury found that Thompson was neither separated from his employment in part because of his race nor was he separated from his employment in retaliation for submitting grievances complaining about racial discrimination. The Court entered a judgment in favor of the State on April 19, 2007, dismissing all of Thompson's claims.

Thompson filed this motion for a judgment notwithstanding the verdict, or, alternatively, for amendment of the judgment on April 30, 2007.[1] In his memorandum in support of this motion, Thompson outlines the evidence presented at trial and asserts that the jury's verdict does not conform to the facts and evidence.

## II. ANALYSIS

### A. MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Thompson's "motion for a judgment notwithstanding the verdict" is essentially a motion for a judgment as a matter of law under Federal Rule of Civil Procedure 50(b).

---

[1] Both a "motion for judgment as a matter of law" and a "motion for amendment of judgment" must be filed within ten (10) days of the Court's ruling. Under Federal Rule of Civil Procedure 6(a), when a time period is less than eleven (11) days, the intermediate Saturdays, Sundays and legal holidays are not counted. The dates above show that the motion was timely.

However, such a motion must be made before the submission of the case to the jury. FED. R. CIV. PRO. 50(a). That moment has passed for Thompson. Rule 50(b) addresses the post-verdict version of the motion, i.e. a renewed motion for judgment as a matter of law. Thompson does not have a motion to "renew." He did not move for judgment as a matter of law during the trial. See, Rec. Doc. 113. Instead, after the jury returned its verdict, plaintiff made an oral motion to set aside the verdict and said that he would file this written motion within ten (10) days of the verdict. See, Rec. Doc. 113. Unfortunately for Thompson, a party who fails to move for judgment as a matter of law at the close of all evidence is foreclosed from making a post-verdict motion for judgment as a matter of law. *Sanford v. Kostmayer Constr. Co.*, 891 F.Supp. 1201, 1204 (E.D.La. 1995).

There are two exceptions to this prohibition. A party may make a post-verdict motion for judgment as a matter of law without having made one at the close of evidence: (1) where the original motion for judgment as a matter of law was made at the end of the plaintiff's case, but not renewed at the close of all of the evidence; and (2) where the moving party objected to the court's jury instructions on the grounds that there was no evidence to support a claim but failed to move for a directed verdict on that claim. *See, Hinojosa v. Terrell*, 834 F,2d 1223, 1228 (5th Cir. 1988). These exceptions serve to further the "dual purposes" of Rule 50(b):

3

>     to enable the trial court to re-examine the question of
>     evidentiary insufficiency as a matter of law if the jury
>     returns a verdict contrary to the movant, and to alert the
>     opposing party to the insufficiency before the case is
>     submitted to the jury, thereby affording it an opportunity to
>     cure any defects in proof should the motion have merit.

*Merwine v. Board of Trustees*, 754 F.2d 631, 634 (5th Cir. 1985) (quoting, *Villanueva v. McInnis*, 723 F.2d 414, 417 (5th Cir. 1984)); *See also*, *Hinojosa*, 834 F.2d at 1228.

Thompson does not argue that his motion falls into one of these exceptions to the requirement of moving for a judgment as a matter of law at the close of evidence. Furthermore, the Court does not find that Thompson's motion fits either exception. The minutes of the proceedings do not indicate that Thompson made a motion for a judgment as a matter of law at the close of his evidence. See, Rec. Doc. 112. Also, he did not, nor would have had reason to, object to the jury instructions on the grounds that there was no evidence to support a claim. Therefore, Thompson is precluded from bringing a Rule 50(b) motion at this time.[2]

---

[2] Even if Thompson's motion were not procedurally precluded, he would not prevail on the merits. In general, the jury's verdict may only be disturbed on a motion for judgment as a matter of law if there is no legally sufficient evidentiary basis for a reasonable jury to find as it did. FED. R. CIV. PRO. 50(a)(1); *See also*, *Harrington v. Harris*, 118 F.3d 359, 367 (5th cir. 1997). After considering all of the evidence and inferences in the light most favorable to the non-moving party, the Court finds that a reasonable jury could have found as it did. *See, Treadaway v. Societie Anonyme Louis-Dryfus*, 894 F.2d 161, 164 (5th Cir. 1990); *See also, Greenwood v. Societe Francais De*, 111 F.3d 1239, 1245 (5th Cir. 1997).

### B. ALTERNATE MOTION FOR AMENDMENT OF JUDGMENT

Thompson alternatively brought a "motion for amendment of judgment." A motion for amendment of judgment is properly considered under Federal Rule of Civil Procedure 59(a). In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds,* 199 F.3d 263 (5th Cir. 2000), this Court ruled that amendment of a judgment under Rule 59 is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

Thompson does not show that there was an intervening change of controlling law, nor does he present any new evidence. Rather, the basis of his motion is that the court needs to correct the jury's findings of fact. In other words, he argues that the jury committed a clear and manifest error of fact by finding for the State. Specifically, he contends that the jury's finding for the State went against the clear weight of the evidence presented at trial.

In considering a post-verdict motion to disturb a jury verdict, the Court "should consider all of the evidence . . . in the light and with all reasonable inference most favorable to the party opposed to the motion." *Boeing Co. v. Shipman*, 411 F.2d 365, 274 (5th Cir. 1969) (en banc). If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting the motion is proper. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. *Id.*

The Court finds that there was substantial evidence introduced on which the jury, in the exercise of its discretion as fact finder, could reasonably reach the conclusion that Thompson was not separated from his employment with the State in part because of his race or in retaliation for submitting grievances complaining about racial discrimination. It would be inconsistent with the great deference afforded the fact finder by this Court and our jurisprudence to state that, as a matter of law, the verdict is erroneous. *Shawl v. Flowers*, 2003 WL 1824832 (E.D.La. 4/7/2003) (J. Berrigan).

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Thompson's Motion for Judgment Notwithstanding the Verdict, or, Alternatively, for Amendment of Judgment is hereby **DENIED**.

New Orleans, Louisiana this 16th day of May, 2007.

                                                                                    _____
                                                                                    HELEN G. BERRIGAN
                                                                                    UNITED STATES DISTRICT JUDGE