UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY THOMPSON | CIVIL ACTION |
| VERSUS | NO:    05-03329 |
| STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS and WARDEN JAMES D. MILLER | SECTION: "C" (4) |

### ORDER

Before the Court is a **Motion for Reimbursement of Attorney's Fees and Related, Non-Taxable Expenses as Prevailing Parties (R. Doc. 121)**, filed by the Defendants, seeking the reimbursement of litigation expenses and attorney's fees as prevailing parties. In opposition, the Plaintiff filed a **Memorandum in Opposition to Defendants' Motion for Attorney Fees (R. Doc. 133)**.

### I.    Background

The Plaintiff filed suit against the Defendants on July 29, 2005, alleging that while working for the Defendants' Washington Correctional Institute, the Defendants racially discriminated against him in violation of: (1) 42 U.S.C. § 2000e, *et seq.* ("Title VII"); (2) La. Rev. Stat. § 23:332, *et seq.*; (3) 42 U.S.C. § 1981; and (4) 42 U.S.C. § 1983.

The Plaintiff is a black male. The Defendants hired him as a Corrections Cadet on June

7, 2004, on a 6-month "job appointment" training basis.  However, the Defendants hired other white employees from the same hiring class on a higher "probational" basis.  While probational status automatically leads to permanent civil service status in 6 to 12 months, job appointment does not.  His appointment was eventually converted to probational status, but only after his white counterparts.  He was also promoted to the position of Sergeant.

The Plaintiff alleges after he filed a grievance regarding the differential hiring practices, his white supervisors began treating him hostilely and contemptuously.  He alleged that his supervisors randomly rifled through the contents of his desk, subjected him to a pat-down search and drug test, yelled at him in front of other employees and inmates, and altered his log book.  After this sequence of events, the Defendants terminated the Plaintiff, maintaining that he had falsified his log book.  Thereafter, the Plaintiff filed suit for employment discrimination.

On July 11, 2006, United States District Court Judge Helen G. Berrigan ("Judge Berrigan") ruled upon on a motion to dismiss filed by the Defendants.  (R. Doc. 69.)  Judge Berrigan granted the motion in part, and denied it in part.  (R. Doc. 69.) Judge Berrigan dismissed the Plaintiff's claims (1) under § 1981, (2) for monetary damages against the Defendants under § 1983, (3) for race discrimination under § 1981 and § 1983, including *Monell* claims, (4) for injunctive relief, and (5) for punitive damages.  (R. Doc. 69, p. 19.)  However, Judge Berrigan did not dismiss the Plaintiff's claims (1) for due process under § 1983, (2) under Title VII, and (3) under La. Rev. Stat. § 23:332.  (R. Doc. 69, p. 19.)  In her ruling, Judge Berrigan reasoned that the Plaintiff's claims for monetary damages under § 1981 and § 1983 against the Department of Public Safety and Corrections ("Department") and Warden James D. Miller ("Miller") in his official capacity were barred on grounds of sovereign immunity.  She further concluded that his § 1981 and § 1983

claims alleging employment discrimination, including his *Monell* claim, were precluded because Title VII affords the exclusive remedy for employment discrimination. Finally, she found that the Plaintiff did not establish a real and immediate threat of future injury, and thus was not entitled to injunctive relief.

On March 7, 2007, Judge Berrigan ruled upon a motion for summary judgment filed by the Defendants, granting it in part, and denying it in part. (R. Doc. 90.) In the Defendants' motion, they had argued that the Defendants did not violate due process under § 1983 because the Plaintiff did not have a property interest in his continued employment and alternatively, because state law provided an adequate remedy for any such property taking. Judge Berrigan granted summary judgment on the Plaintiff's § 1983 claims and dismissed Warden Miller from the proceedings. (R. Doc. 90.) However, Judge Berrigan concluded that the Plaintiff's claims under (1) Title VII and (2) La. Rev. Stat. § 23:332 could proceed to adjudication. (R. Doc. 90.)

On April 16, 2007, the undersigned magistrate judge conducted a settlement conference between the parties, during which, the Defendants and the Plaintiff exchanged various offers and counteroffers. However, the parties could not agree on a settlement and the case continued to trial.

Judge Berrigan held a three-day jury trial from April 16 though 18, 2007. (R. Doc. 111; R. Doc. 112; R. Doc. 113; R. Doc. 116.) On April 19, 2007, Judge Berrigan issued a judgment in favor of the Defendants, dismissing the Plaintiff's complaint with prejudice. (R. Doc. 111; R. Doc. 112; R. Doc. 113; R. Doc. 116.)

Soon thereafter, on May 3, 2007, the Defendants filed the subject motion, seeking to recover costs and attorney's fees for having to defend against the Plaintiff's allegations. The Defendants relied upon three legal provisions in moving for attorney's fees: (1) 42 U.S.C. §

3

1988(b), (2) 42 U.S.C. § 2000e-5(k), and (3) La. Rev. Stat. § 23:303(C).

The Defendants contend that the Plaintiff's suit was frivolous as demonstrated by the evidence presented at and the result of the trial. They also assert that the Plaintiff did not present *prima facie* evidence of discrimination in their hiring and appointment status of the Plaintiff and other similarly situated employees. In opposition, the Plaintiff counterargues that the Court should deny the Defendants' request for attorney's fees because his claim was not frivolous and because he established that one of his supervisors altered his log entries.

## II.   Standard of Review

A court may award attorney's fees to a prevailing party under the employment discrimination statutes relied upon by the Plaintiff in his case. First, for Title VII cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k) (2007). Second, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (2007). Finally, Louisiana law provides that "[a] plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs. La. Rev. Stat. § 23:303(C) (2007).

A prevailing plaintiff is awarded attorney's fees in a employment discrimination action in all but special circumstances, however, the Supreme Court has set a more rigorous standard for awarding attorney's fees to prevailing defendants. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1977). A court exercises discretion to award attorney's fees to a prevailing

defendant if the plaintiff's action was (1) frivolous, (2) unreasonable, or (3) without foundation, or the plaintiff continues to litigate after it becomes so. *Id.* at 421-22; *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (extending the holding in *Christiansburg* from Title VII cases to claims for attorney's fees under § 1988); *see also Dinet v. Hydril Co.*, No. 05-03778, 2006 WL 3904991 at *3 (E.D. La. Nov. 22, 2006) (adopting the reasoning in *Christiansburg* for evaluating the frivolousness of claims under Louisiana state law); *Millon v. Johnston*, No. 98-02235, 1999 WL 358968 (E.D. La. May 28, 1999), at *2 (same).

A suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation." *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir. 1983). However, the mere dismissal of a plaintiff's suit does not establish that the underlying claim was frivolous, unreasonable, or groundless. *Dean v. Riser*, 240 F.3d 505, 512 (5th Cir. 2001).

While the *Christiansburg* standard does not require a showing of bad faith on the part of plaintiff, the Supreme Court has cautioned that:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even where the law or the facts appear questionable and unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-22. In determining whether a plaintiff's civil rights suit is frivolous, the court may consider whether the (1) the plaintiff established a *prima facie* case, (2) the defendant offered to settle, and (3) the court dismissed the case or held a full trial. *Myers v.*

*City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000).

Private enforcement would be substantially diminished if plaintiffs with good faith claims under the civil rights statutes faced the prospect of having to pay their opponent's fees if they lose. *Vaughner v. F.J. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986). Thus, the standard "is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers v. City of West Monroe*, 211 F.3d 289, 292 n. 1 (5th Cir. 2000) (quotations and citations omitted). A court should focus on whether a plaintiff's claim is colorable and of arguable merit. *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981). When a plaintiff presents some credible evidence to prove his claim, he has shown that his case has colorable merit and the prevailing defendant is not entitled to attorney's fees. *Vaughner*, 804 F.2d at 878.

Courts disfavor awarding fees to prevailing defendants because an average plaintiff in such actions only knows of his or her belief that the discrimination occurred and of the filing of the claim, and generally defers to counsel's advice. *Davis v. Braniff Airways, Inc.*, 468 F.Supp. 10, 13-14 (N.D. Tex. 1977). Furthermore, in employment discrimination actions, information is frequently unavailable to determine whether a suit is proper. *Id*. Thus, "courts are reluctant to award fees unless the plaintiff[] refuse[s] to acknowledge clear precedent or asserted a claim which was knowingly based on a nonexistent interest." *Pisharodi v. Valley Baptist Medical Center*, 393 F.Supp.2d 561, 578 (S.D. Tex. 2005) (quotations and citations omitted).

**III.    Analysis**

The Defendants maintain that the Plaintiff's claims of employment discrimination were groundless as illustrated by (1) the Defendants' defenses of immunity and the lack of an adverse

employment action and supervisory liability, (2) the Plaintiff's lack of substantial or credible opposition to the Defendants' dispositive motions, (3) the Court's pretrial dismissal of the majority of the Plaintiff's claims, and (4) the Plaintiff's failure to offer evidence in support of his claims at trial.

In opposition, the Plaintiff counterargues that he testified on how his supervisors falsified his log book entries and he conclusively disproved the Defendants' alleged good faith reasons for his termination. Accordingly, he maintains that an award of attorney's fees is not appropriate.

The Court first looks to the three factors above in determining whether the action is frivolous. First, under framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a Title VII plaintiff proves a *prima facie* case of discrimination by showing that: (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) the employer continued to seek applicants with the plaintiff's qualifications, the employer selected someone of a different race or sex, or that others similarly situated were treated more favorably than the plaintiff. *Id*. at 802. When 1981 and Title VII are alleged as parallel bases for relief, the same elements are required for both actions. *Flanagan v. Aaron & Henry Communnity Health Serv. Center*, 876 F.2d 1231, 1233-34 (5th Cir. 1989).

Although the Defendants contend that the Court "implicitly found" that the Plaintiff had not made a *prima facie* case on a majority of his claims (R. Doc. 121-2, p. 10), the facts belie this contention. That the Plaintiff's claims survived summary judgment and proceeded to trial on the merits is proof that the Plaintiff established a *prima facie* case. Furthermore, (1) the Plaintiff is black, and thus a member of a protected class, (2) he was qualified and met the requirements to be a Corrections Cadet and a Sergeant (R. Doc. 88-2), (3) he was hired into "job appointment" and not

"probational" status, subjected to work hostilities, and eventually fired from his position, and (4) other white individuals were hired with "probational" status and treated differently from him. The Defendants contend that they spent more than 585 hours defending the suit and were forced to "materially participate in a significant amount of discovery, including four depositions." (R. Doc. 121-2, p. 12.) This amount of legal work, for which the Defendant seeks more than $56,417.50 in attorney's fees, would not have been necessary if the Plaintiff failed to establish a *prima facie* case.

The remaining two elements of frivolousness also weigh against awarding the Defendants attorney's fees. Here, the Defendants concede that they offered the Plaintiff $1,000.00 to settle the case. Furthermore, the Plaintiff's Title VII and Louisiana employment discrimination claims ultimately proceeded to three days of trial on the merits. Accordingly, in assessing the three factors above, the Plaintiff's case was not frivolous because he proved a *prima facie* case, the Defendants offered to settle, and a full three-day trial was held on the merits, during which the plaintiff presented the testimony of roughly 10 witnesses and offered approximately 7 exhibits into evidence. (R. Doc. 83.)

Although the Plaintiff ultimately did not prevail at trial and some of his claims were dismissed pretrial, the record reflects that he testified credibly that, among other things, his supervisors falsified and altered his log book entries and that he was yelled at in the presence of other employees and inmates. As indicated above, the pretrial dismissal of a plaintiff's suit by itself does not render the underlying action frivolous, unreasonable, or groundless. *See Porter v. Milliken & Michael*, No. 99-00199, 2001 WL 946355 (E.D. La. Aug. 17, 2001) (declining to award attorney's fees even though the plaintiffs failed to prove a *prima facie* case and their claims

8

ultimately did not survive summary judgment). Although some of the Plaintiffs claims were disposed of prior to trial, the Court declines to find that those claims are frivolous.[1]  Here, the Plaintiff has shown that his case had some colorable merit, such that an award of attorney's fees to the Defendant is unwarranted.

The Defendants attempt to argue that the Plaintiff did not offer substantial evidence against the Defendants' motions and did not introduce sufficient evidence at trial.  Primarily, they maintain their search of his desk and the pat-down and drug test he was subjected to were consistent with the Defendants' employment policies and justified on the facts.  Furthermore, they underscore that the Plaintiff did not ultimately prove that two of his supervisors were racist.

By contending that the Plaintiff's did not produce sufficient evidence at trial, the Defendants request this Court to engage in precisely the type of *post hoc* reasoning the Supreme Court proscribed and cautioned against in *Christiansburg*.  Contrary to the Defendants' position, this Court is not making a determination on the merits.  Rather, this Court looks to the factors enumerated in the case law to assess whether an award of attorney's fees is warranted, not whether the Plaintiff should prevail on his case for employment discrimination.

As indicated above, merely because the Plaintiff did not proffer sufficient evidence to

---

[1] The Supreme Court has held that the proper amount of attorney's fees to be awarded to a prevailing plaintiff is determined by the extent of the plaintiff's success in the action. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). However, there is no analogous authority that addresses a scenario involving a prevailing defendant who seeks the recovery of attorney's fees for claims that were unsuccessful to varying degrees. It appears that in such situations, courts consider whether the plaintiff's action as a whole was frivolous, unreasonable, and without foundation, rather than analyzing the frivolity of each individual claim. *See e.g. Hester v. City of Coppell*, No. 3:02CV1041-P, 2004 WL 877642, at *2 (N.D. Tex Apr. 23 2004) (concluding that the defendant was not entitled to attorney's fees because the "[p]laintiffs presented evidence to support the majority of their claims," even though the case was dismissed on summary judgment and the plaintiffs failed to show a *prima facie* case with one claim); *but cf. Millon v. Johnston*, No. 98-02235, 1999 WL 358968, at *3 (E.D. La. May 28, 1999) (reasoning that if the losing claims revolved around a common core of facts or were based on related legal theories linking them to a successful claim, then the claims are so interrelated that they cannot be separated in calculating a fee award).

prevail at trial does not necessarily indicate that his action was entirely unreasonable or without foundation. *Christiansburg*, 434 U.S. at 421. Although the jury ultimately found in favor of the Defendants, the plaintiff's case did not lack arguable legal or merit or factual support to be groundless because his treatment at work provided reasonable grounds for bringing suit and because he proved a *prima facie* case and his claims survived dispositive motions and were heard at a three-day trial on the merits.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Reimbursement of Attorney's Fees and Related, Non-Taxable Expenses as Prevailing Parties (R. Doc. 121)** is hereby **DENIED**. The parties must bear their own costs.

New Orleans, Louisiana, this 2nd day of November 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**